### BYRD vs. CRAIG.

West'n District
*Sept.* 1823.

BYRD
*vs.*
CRAIG.

APPEAL from the court of the seventh district.

MARTIN, J, delivered the opinion of the court. The plaintiff sued on two notes of the defendant, who pleaded the general issue; and that the former pretending to have a title to a tract of land, sold it, through the agency of Bowie, to the defendant, and bound himself to give a warrantee deed, and received the notes sued on. He averred that the plaintiff, however, made no title, and his inability to make one; that he was greatly injured by the plaintiff's conduct; lost the opportunity of selling the land; and spent large sums of money in improvements. He concluded with a prayer, that the contract might be cancelled; and the plaintiff directed to pay damages.

There was a verdict for the defendant, and damages to the amount of $250 were given. He released these damages.

The district court gave judgment that the contract and notes be cancelled, and that the plaintiff pay costs. He appealed.

The statement of facts shews, that the plaintiff produced the notes, and offered and filed a deed of the land to the defendant.

*Whilst a note remains in the hands of the payee, the maker may refuse payment, if the consideration has failed.*

*If a party refuses complying with his part of contract, the other may decline his: and the subsequent conduct of the former will not renew the obligation of the latter.*

VOL. I (N. S.) 79

West'n District
*Sept.* 1823.

BYRD
*vs.*
CRAIG.

Bowie, a witness of the defendant, deposed, that he was the plaintiff's agent in making the bargain for the sale of the land, which was confirmed to his father by the United States' commissioners: That his father, by a penal bond, bound himself to convey it to the plaintiff: That the defendant, some time after the bargain, applied to the witness for a deed or a restoration of the notes, and was answered, the witness had no authority to make the deed, and referred him to the plaintiff: That the defendant has repeatedly applied to the witness to take back the land, as the plaintiff had not made, nor could make, a title; and on the witness's refusal, said he would abandon the land, which he has done, and the witness has since seen another person on the land. The witness, in selling the land, as Bowie's agent, acted under private instructions. His father's bond to Bowie, he believes to be on record, in the office of the parish judge. Had the defendant had a title, he could have sold the land, or a part of it, to one Lacy. The defendant bought, he understands, with an intention of erecting a mill on the land, and was prevented from doing so, by his inability to have a title. He has made improvements to the value of

$300 or $400. The witness wrote to plaintiff to make a conveyance, but he failed doing so.

A new trial was moved for, on the ground of the verdict being contrary to law and evidence—of substantial justice not being done. It was refused.

The notes of the defendant being still in the payee's possession, the former had a right to resist the payment, if the consideration on which they were given has failed. This consideration was, that the plaintiff should make a title. He neglected to do so, on the request of the defendant. The latter, then, was entitled to refuse complying with his part of the bargain, of which the plaintiff declined to perform his. The subsequent filing of the deed which the plaintiff had hitherto refused to give, cannot avail here. The district judge was bound to pronounce on the facts pleaded as they stood at the trial of the plea. The facts set forth in the answer, are sufficient to overthrow the plaintiff's claim. No subsequent act of the latter, not concurred in by the former, can place the case on a different footing.

It is therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

West'n District
*Sept.* 1823.

BINUM
*vs.*
LEMOINE.

A sale of mi-
nor's property
without the le-
gal solemnities,
is void. And
the circum-
stance of the pa-
rish judge not
knowing it was
the property of
minors, will not
render it valid.

*Scott* for the plaintiff, *Thomas* for the defendant.